IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT KANSAS CITY

| | |
|---|---|
| JAMES LANG, <br> as the personal representative <br> For the estate of Cynthia Lang <br><br> Plaintiff, <br><br> v. <br><br> LEE NIGRO, M.D. <br><br> Defendant. | Case No.: 11-2166-DJW |

## **STIPULATED PROTECTIVE ORDER CONTAINING CLAWBACK PROVISION**

The Court hereby enters the following Stipulated Protective Order containing a clawback provision.

Because the parties to this case or third parties may be required to produce documents, answer interrogatories, and provide testimony and other information that may contain information covered by the attorney-client privilege or work product protection, and in order to permit discovery to proceed without delay and avoid possible disputes regarding the privileged or protected natureof such information, the Court hereby ORDERS:

Due to the large volume of electronic and hard copy data in the possession, custody, or control of the parties and the numerous concerns regarding attorney-client privilege and work product protection, the Court enters this "Clawback" Provision to expedite and facilitate the production of electronic and hard copy data, information and documents, and to protect against inadvertent disclosure of attorney-client privileged communications or work product materials. The inadvertent disclosure or production of any information or document that is subject to an

objection on the basis of attorney-client privilege or work-product protection, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work product doctrine at a later date. Any party receiving any such information or document shall return it upon request from the producing party. Upon receiving such a request as to specific information or documents, the receiving party shall return the information or documents to the producing party within five (5) business days, regardless of whether the receiving party agrees with the claim of privilege and/or work-product protection. Disclosure of the information or document by the other party prior to such later designation shall not be deemed a violation of the provisions of this Order. This Order and Clawback Provision shall be governed by Federal Rule of Evidence 502(d) and is entered pursuant to Federal Rule of Civil Procedure 26(c)(1).

**IT IS SO ORDERED.**

Dated this 24th day of June 2011 in Kansas City, Kansas.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge